Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONIKA NOBLE, an individual, <br><br> Plaintiff <br><br> v. <br><br> CREDITORS SPECIALTY SERVICE, INC., a corporation; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.: **'14CV1139 L      JMA** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer against Defendants for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for invasion of privacy.

//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff VERONIKA NOBLE ("Plaintiff") is a natural person residing in the state of California, County of San Diego.

4. Defendant CREDITORS SPECIALTY SERVICE, INC. ("CSS") at all times relevant was a corporation doing business of collecting debts in San Diego County, California operating from an address at 32023 Crown Valley Road, Acton, CA 93510. Its Agent for Service of Process is Neal Evans and has an address of 2626 Townsgate Suite 330, Westlake Village, CA 91361.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

9. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

10. At a time unknown, CSS acquired information regarding an alleged debt (the "Debt") it claimed belonged to Plaintiff.

11. Within a year prior to the filing of this lawsuit, CSS's representative named George Hernandez (hereinafter "George") began repeatedly contacting Plaintiff to collect on the Debt.

12. George contacted Plaintiff on a near-daily basis and often multiple times a day to collect on the Debt.

13. George also contacted Plaintiff's ex-husband concerning the Debt and told Plaintiff's ex-husband that he needed to speak with Plaintiff regarding an "important legal matter," or words to that effect.

14. When George contacted Plaintiff, George stated that he was an attorney calling from a law office.

15. George and Plaintiff had a conversation wherein Plaintiff indicated she intended to pay on her own.

16. Following this conversation, on or about April 2, 2014, CSS made an automatic debit from Plaintiff's bank account without her permission or authorization in the amount of $240.

17. CSS was not authorized to withdraw funds from Plaintiff's account nor did Plaintiff consent to CSS's withdrawal from her account.

18. As a result of CSS wrongful debit Plaintiff incurred bank charges.

19. As a result of CSS's conduct, Plaintiffs suffered from emotional distress.

## V.  FIRST CLAIM FOR RELIEF

### (For Violations of the FDCPA)

20. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

21. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to identify him/herself, and/or failing to state that he/she is confirming or correcting location information concerning the Plaintiff ;

    (b) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

    (c) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

    (d) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

    (e) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (f) The Defendants violated 15 U.S.C. § 1692e(3) by giving the false impression that an individual was an attorney and/or that a communication was from an attorney;

    (g) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

  (h) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

  (i) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law; and

  (j) The Defendants violated 15 U.S.C. § 1692(f)(6) by taking or threatening to unlawfully repossess or disable the Plaintiff's property.

22. As a result of the above violations of the FDCPA, Defendant is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF
### (Invasion of Privacy)

23. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

25. Defendant willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect the debt.

26. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

27. As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

28. Defendants acted with oppression or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

//
//
//
//

## VII.  THIRD CLAIM FOR RELIEF

### (Conversion)

29. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

30. Defendants actions in wrongfully seizing money from Plaintiff's bank account without her authorization constituted the tort of conversion.

31. The conversion was in the amount of $240.

32. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

(d) Punitive damages; and

(d) For such other and further relief as the Court may deem just and proper.

Date: May 6, 2014

      s/ Jeremy S. Golden
Jeremy S. Golden,
Attorney for Plaintiff

//
//
//
//
//

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: May 6, 2014

                                                       _____s/ Jeremy S. Golden_____
                                                       Jeremy S. Golden,
                                                       Attorney for Plaintiff